PEOPLE, PLAINTIFF AND APPELLEE, *v.* DOMÍNGUEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution
for Gaming.

No. 2104.—Decided July 24, 1923.

GAMING—PROHIBITED GAMES—LOTTO—PLEADING.—As the game of lotto is not
among the games expressly prohibited by section 299 of the Penal Code,
in order to penalize it, it is necessary to charge that somebody directed or
conducted the game and that he or another received some profit. Therefore,
a complaint alleging simply that the game is prohibited because there is a
banker or dealer who collects, pays and discounts the rake-off is insufficient.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with and convicted of gaming,
it being alleged in the complaint that he and others "were
playing for gain and for money the game of chance called
lotto, which is a game of chance similar to those expressly
prohibited by section 299 of the Penal Code because there
is in it a banker or dealer who collects, pays and discounts
the rake-off."

In the trial court the accused demurred on the ground
that the complaint was insufficient because it did not specify
the person who opened the game or conducted it as principal
or banker or collected the rake-off, and he now maintains
on appeal that the mere allegation in the complaint that
the game of lotto which the defendant was playing is a game
of chance similar to those expressly prohibited by section
299 of the Penal Code because there is in it a banker or
dealer who collects, pays and discounts the rake-off is in-
sufficient and does not amount to a specific allegation that
in the game which the defendant was playing some person
opened or conducted it or received some profit. To this the
*Fiscal* replies that the complaint is sufficient although it does

not name the person who opened or conducted the game and received the rake-off, because such an allegation is not essential, but is a matter of evidence.

We think the appellant is right. The game of lotto is not among those expressly prohibited by the statute and in order that it may be punishable as similar to the games of chance referred to it is necessary, as held by this court in *People* v. *Marcano,* 24 P. R. R. 447, that there should be a person who opens, conducts or deals the game and that he or some other person receives some gain or profit therefrom, and in this case the complaint does not state that in the game of lotto which the appellant was playing there was a person who opened, conducted or dealt the game and that such person or some other person received some gain or profit, those being the circumstances under which the game of lotto is prohibited; but it is merely alleged that the said game of lotto is among the games prohibited because there is in it a dealer or banker who collects, pays and discounts the rake-off, that being an allegation necessary to make the game of lotto an offense, but it is not an allegation that in this case there was in fact a person who did those things.

It is true that in the case of *People* v. *Marcano, supra,* the complaint merely alleged that the defendants played a percentage game known as lotto for money and that the game was conducted by Martín Maisonet, without saying that he received a gain or profit or collected the rake-off, and that it was there said that perhaps the complaint might contain all of the elements necessary to charge the offense of gambling; but the matter was not further considered because the court held that the evidence was insufficient to support the complaint. We think, however, that the complaint should allege that somebody receives a gain or profit in the game, for that is what makes the game of lotto punishable.

For the foregoing reasons we are of the opinion that the demurrer to the complaint should have been sustained and that as the complaint did not allege facts sufficient to constitute an offense, the defendant should be acquitted.

*Reversed.*

Justices Wolf and Franco Soto concurred.
Chief Justice Del Toro and Justice Hutchison dissented.